**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JANE GCCISD-LM DOE** | § | |
| **Individually and On Behalf of All** | § | |
| **Other Similarly Situated Plaintiffs** | § | |
| *Plaintiff*, | § | |
| **v.** | § | **C.A. No. _____** |
| | § | |
| **GOOSE CREEK CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL DISTRICT,** | § | |
| **RANDALL O'BRIEN,** | § | |
| **ARACELI DE LA CRUZ,** | § | |
| **MELISSA DUARTE, and** | § | |
| **THERESA KEEL** | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff **JANE GCCISD-LM DOE** on behalf of herself and all others similarly situated, being the "Class Members" to file this, her "Plaintiff's Original Petition" as follows:

### PREAMBLE

### SEXUAL ASSAULT OF FOUR YEAR OLD STUDENT IGNORED AND COVERED-UP

*Plaintiff is a minor (one of possibly many) that was sexually assaulted by a co-student. Although affirming the occurrence of the sexual assault, Defendants did nothing but make ever possible attempt to cover up such assault, with the hope that no other parents of the Defendant GCCISD would be made aware of*

**PLAINTIFF'S ORIGINAL COMPLAINT**                                           1

*the lack of basic safety protocols needed to protect the safety of their students. This matter is brought in the United States Federal Court system because of the federal laws violated, but also because the Texas Commissioner of Education does not believe that providing "safe schools" is a legal requirement of the State of Texas.*

## A.    <u>NATURE OF SUIT</u>

1.     At all times relevant, Plaintiff was a four year old attending Defendant GCCISD (defined hereafter). While under the incompetent supervision of Plaintiff's teacher, Plaintiff went to the bathroom, unattended, was followed to the bathroom by another student, sexually assaulted by said student, and returned to her classroom with her pants having been placed back on Plaintiff inside out and backwards, with her shoes on the wrong feet.

2.     Plaintiff now files this action for relief pursuant to 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) and under 42 U.S.C. § 1983 with regard to the violation of the laws of the United States, the denial of Plaintiff Jane's equal protection rights, procedural due process violations, and substantive due process violations  under the Fourteenth Amendment to the U.S. Constitution.

## B.     <u>PARTIES</u>

3.     Plaintiff  JANE GCCISD-LM DOE ("Jane") is an individual residing in Harris County, Texas. Jane is a minor, and this matter is being asserted by her

**PLAINTIFF'S ORIGINAL COMPLAINT**

parents as her *Next Friend*. Because of the privacy issues involved in this matter, Jane is hereby exercising her rights to proceed with this matter anonymously.

4.     The need to protect the identity of Jane (being a minor) shall not hinder the defense of this matter, for the facts are well known to the Defendants. When applying the balancing tests to determine the needed protection of the minor *vs.* the small inconvenience to the Defendants, the protection of the minor prevails. Further, with the importance of keeping the identity of Jane protected, it is impossible (at this time) to disclose the name of the parents of Jane.

5.     At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff Jane, Jane's identity (and the identity of Jane's parents) shall be disclosed.

6.     Defendant **GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL DISTRICT** ("GCCISD") is a school district formed under the laws of the State of Texas and operates numerous schools in Harris County, Texas. Defendant GCCISD may be served with summons by serving its superintendent as follows:

**Goose Creek Consolidated  Independent School District**
**Randall O'Brien, Superintendent**
**4544 Interstate 10 East**
**Baytown, Texas 77521**

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                              3

7.     Defendant **RANDALL O'BRIEN ("**O'Brien") is an individual working in Harris County, Texas and may be served with summons at his place of employment as follows:

**RANDALL O'BRIEN**
**Goose Creek Consolidated  Independent School District**
**4544 Interstate 10 East**
**Baytown, Texas 77521**

8.     Defendant **ARACELI DE LA CRUZ** ("De La Cruz") is an individual working in Harris County, Texas and may be served with summons at her place of employment as follows:

**ARACELI DE LA CRUZ**
**Goose Creek Consolidated  Independent School District**
**4544 Interstate 10 East**
**Baytown, Texas 77521**

9.     Defendant **MELISSA DUARTE** ("Duarte") is an individual working in Harris County, Texas and may be served with summons at her place of employment as follows:

**MELISSA DUARTE**
**Goose Creek Consolidated  Independent School District**
**4544 Interstate 10 East**
**Baytown, Texas 77521**

10.    Defendant **THERESA KEEL** ("Keel") is an individual working in Harris County, Texas and may be served with summons at her place of employment

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.02

as follows:

**THERESA KEEL**
**Lorenzo De Zavala Elementary**
**305 Tri City Beach Road**
**Baytown, Texas 77520**

## C.  JURISDICTION and VENUE

11.    The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) ("Title IX") and Section 1983 of Title 42 of  U.S.C. ("Section 1983").

12.    Venue is proper in the Southern District of Texas (Houston Division) because Defendant GCCISD operates its schools in Harris County, Texas which is within the Southern District of Texas, and, all other Defendants also work in Harris County, Texas.

## D.    FACTUAL ALLEGATIONS

### *A time of innocence*

13.    On December 14, 2016, Plaintiff Jane was one of various students attending an all-day Prekindergarten ("Class") at Lorenzo De Zavala Elementary ("School"), being a public school owned and operated by Defendant GCCISD.

14.    At the time, Plaintiff Jane was four years old.

15.    Plaintiff Jane is a bright little girl, unconditionally loved by her parents. At the time, Plaintiff Jane's brother also attended the School.

16.    Just as the other members of her Class at the School, Plaintiff Jane's school days were filled with the excitement and adventure of learning, experiencing an age of innocence where everything is new.

17.    Like many other four year old's in a prekindergarten class at a public school in the State of Texas,  Plaintiff Jane's introduction to the world around her was untarnished.

18.    On December 14, 2016, however, Plaintiff Jane's life was changed forever.

19.    Like many other parents of four year old's in a prekindergarten class at a public school in the State of Texas, the parents of Plaintiff Jane entrusted the safety and wellbeing of their child, Plaintiff Jane, (a most precious gift) to the Defendants, believing that the greatest concern of Defendants' was the safety and education of Plaintiff Jane.

20.    On December 14, 2016, however, the parents of Plaintiff Jane learned that Plaintiff Jane was not is a safe environment at School.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.02

### *The Sexual Assault*

21.    On December 14, 2016, during her Class at School, Plaintiff Jane needed to go to the bathroom. Plaintiff Jane left the Class unattended by her Class teacher or any other adult. However, a boy member of Plaintiff Jane's Class (hereafter, "Student A") followed her to the bathroom, also unattended by his Class teacher or any other adult.

22.    As the parents of Plaintiff Jane were to later learn, Plaintiff Jane's Class teacher was not even aware that Plaintiff Jane and Student A had left the Class.

23.    After some time, Plaintiff Jane returned to her Class. But something was different; something was wrong. Plaintiff Jane's pants were now on her, inside out and backwards with her shoes on the wrong feet (hereafter, Plaintiff Jane's "Altered Appearance").

24.    Just as unaware that Plaintiff Jane had even left the Class to go to the bathroom, Plaintiff Jane's teacher again noticed nothing and did not perceive Plaintiff Jane's Altered Appearance.

25.    However, when picking up Plaintiff Jane after school on December 14, 2016, Plaintiff Jane's parents immediately noticed Plaintiff Jane's Altered

Appearance. What Plaintiff Jane's parents were to subsequently learn was that Student A had sexually assaulted ("Sexual Assault") Plaintiff Jane when Plaintiff Jane had gone to the bathroom unattended by any adult.

### The Lies

26.    What began on that December day in 2016 was a multi-month process of lies by Defendants to initially deny and then to minimize the Sexual Assault.

27.    The questioning of the Defendants by the parents of Plaintiff Jane began within minutes after such parents noticed Plaintiff Jane's Altered Appearance. Such questions were met by false statements and denials of wrongdoing ("Lies").

28.    Various meetings and calls were held between Plaintiff Jane's parents and the Defendants.

29.    As the meetings and calls continued, Defendants, ever so slowly, began to acknowledge that Plaintiff Jane had, indeed, gone to the bathroom unattended and was the victim of the Sexual Assault by Student A.

30.    At no time during this period (which school districts in Texas refer to as "informal resolution efforts") did any of the Defendants advise the parents of Plaintiff Jane that the policies and procedures of Defendant GCCISD require a

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.02

formal, written complaint (hereafter, "Grievance") to be filed to trigger any procedural or substantive due process rights related to investigating the Sexual Assault.

31.    On or about January 11, 2017, frustrated and infuriated by the Lies, the delay, and the lack of concern related to the Sexual Assault, the father of Plaintiff Jane made a Facebook post expressing his opinions as to the events related to Plaintiff Jane.

32.    Although Defendants had refused to alert the parents of the School or the general public that a four year old student at the School had been Sexually Assaulted by another student, in response to such Facebook post, Defendant Keel did send out a written letter to the parents of the School on January 12, 2017, stating:

> "It is disappointing to see our wonderful school community negatively portrayed, particularly since we know how many wonderful things go on in our classrooms every day, and because we know the love our staff has for every student."

(hereafter, the "Keel Letter").

33.     In reviewing the Keel Letter, it is apparent that "the love our staff has for every student" does not include ensuring the safety of a four year old little girl attending the School.

34.     Further, the Keel Letter failed to acknowledge that the Sexual Assault had occurred at the School, under the watch of the Defendants.

35.     Frustrated and infuriated by Defendants' Lies, the parents of Plaintiff Jane subsequently did engage an attorney who did file a Grievance, being the magic word, placed on the magic piece of paper, that did begin a formal review into the Sexual Assault.

36.     On January 24, 2017, being approximately five weeks after the Sexual Assault, Plaintiff Jane's parents finally had an opportunity to formally express their concerns to Defendant GCCISD, through a meeting with Defendant De La Cruz, being the Director of Student Services. Present during the January 24, 2017 meeting was outside counsel for Defendant GCCISD.

### The "Investigation" and Findings

37.     On February 7, 2017, being almost  two months after the Sexual Assault, Defendant GCCISD, acting through Defendant De La Cruz, issued her

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.02

formal response to the Grievance by a letter misdated as January 7, 2017 (hereafter, "Level One Response").

38.    In the Level One Response, the parents of Plaintiff Jane were informed that an *Investigation* into the Sexual Assault had been completed by Defendant Keel (being the principal of the School), Defendant De La Cruz, and Defendant GCCISD. For the purpose of this matter, the word *Investigation* is italicized because the details of the *Investigation* have never been shared with the parents of Plaintiff Jane.

39.    The Level One Response, however, did make formal findings ("Findings") as to the Sexual Assault, including but not being limited to the following:

(a)    Plaintiff Jane's teacher had failed to notify the parents of Plaintiff Jane that Plaintiff Jane returned from the bathroom with her clothing disheveled;

(b)    A male student (Student A) was, in fact, in the bathroom with Plaintiff Jane;

(c)    Student A did Sexually Assault Plaintiff Jane; and

(d)    Student A was then moved to another classroom within the School.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                            11

40.     As also set forth in the Level One Response, Defendants denied the request that:

> "the District send to all parents a letter about the incident involving your daughter [*Plaintiff Jane*]….
>
> [*because the District*] did not find that there is any danger to District students, as you have alleged, nor that there is any other legitimate reason to send such a letter about this student matter."

41.     On February 16, 2017, the parents of Plaintiff Jane appealed the Level One Response by requesting a review within the office of Defendant Superintendent O'Brien.

42.     Superintendent O'Brien appointed Defendant Duarte, being the Assistant Superintendent for Curriculum and Instruction for Defendant GCCISD, and on March 31, 2017 (being fourteen weeks after the Sexual Assault), Defendant Duarte issued a written ruling ("Level Two Response") which again refused to alert the parents of the School or the general public that a four year old student at the School had been Sexually Assaulted by another student.

43.     In part, the Level Two Response stated that:

> **"…Isolated incidents of student misbehavior, such as the one involving your child *[referring to Plaintiff Jane and the Sexual Assault]* do not generally warrant a communication to all campus or district families."**

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.02

44.     Logical inferences from the Level One Response and the Level Two Response of Defendant GCCISD include that:

    (a)    the Sexual Assault of a four year old girl (such as Plaintiff Jane) does not indicate a school safety issue;

    (b)    when a boy (being Student A) sexually assaults a girl (being Plaintiff Jane), Defendants view such action as merely an isolated incident of student misbehavior;

    (c)    the only safety step necessary (as to the case at hand) was to move the perpetrator Student A to another classroom, where other little girls and boys could be placed at risk; and

    (d)    the parents of students of the School and the general public do not deserve to be warned of Sexual Assaults of four year old girls within the School.

### *The Cover Up*

45.     When reviewing the entirety of the foregoing actions of Defendants, it is clear that the only driving force behind Defendant' actions toward the Sexual Assault of Plaintiff Jane was to merely keep it quiet, cover it up, and hope that Plaintiff Jane's parents would go away.[1]

---

[1] It is uncertain whether the cover up was also motivated by a desire to not add yet another public crisis to other issues facing Defendant GCCISD.

**PLAINTIFF'S ORIGINAL COMPLAINT**                13

### *School safety not a law of the State of Texas*

46.     When the parents of Plaintiff Jane entrusted their daughter into the care of Defendants, said parents were of the belief that Defendant GCCISD was obligated by the laws of the State of Texas to ensure a "safe" school environment.

47.     Section 4.001 of the Texas Education Code ("TEC") of the State of Texas appears to support the belief that the laws of the State of Texas obligate the public schools within the State of Texas to ensure a "safe" school environment, by setting forth the overall mission and objections of the public education system in Texas as follows:

> **The mission of the public education system of this state is to ensure that all Texas children have access to a quality education that enables them to achieve their potential and fully participate now and in the future in the social, economic, and educational opportunities of our state and nation.  That mission is grounded on the conviction that a general diffusion of knowledge is essential for the welfare of this state and for the preservation of the liberties and rights of citizens.  It is further grounded on the conviction that a successful public education system is directly related to a strong, dedicated, and supportive family and that parental involvement in the school is essential for the maximum educational achievement of a child.[2]**

---

[2] TEC Section 4.001(a).

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.02

14

48.     A key element of the foregoing mission is found at Objective 8, which sets forth the overall standard of safety in the public schools of Texas:

**OBJECTIVE 8:  School campuses will maintain a safe and disciplined environment conducive to student learning.**[3]

49.     However, in counterintuitive rulings issued by the Texas Commissioner of Education, Section 4.001 and Objective 8 are not "school laws of the state of Texas" subject to the Commissioner's jurisdiction.

50.     Further, the Commissioner has ruled that Objective 8 is not a requirement, but rather more akin to a vision statement.

51.     Notwithstanding the Commissioner's view, certainly preventing sexual abuse of females in the Texas public school system is a requirement of the Laws of the United States, as set forth hereafter.

### *Harm suffered by Plaintiff Jane*

52.     For the purposes hereof, the foregoing described actions of the Defendants shall be collectively referred to as the "Utter Failures and Lies."

53.     As a direct result of the Defendants' Utter Failures and Lies, Plaintiff Jane's mental health has deteriorated and is likely to continue to deteriorate.

---

[3] TEC Section 4.001(b) OBJECTIVE 8.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                          15

54.     Plaintiff Jane has also suffered severe physical, emotional, and economic harm as a result of Defendants' Utter Failures and Lies, and, shall suffer future physical, emotional, and economic harm, including actual and consequential damages.

55.     Defendants' Utter Failures and Lies as to Plaintiff Jane were committed intentionally and in bad faith, or with reckless disregard for the outcome.

### *Defendants Action Under the Color of State Law*

56.     Each of the Defendants are the applicable policy makers of Defendant GCCISD (at various school levels) and were implementing the policies of Defendant GCCISD when committing the Utter Failures and Lies.

57.     Further, if such policies are not, in fact written, each of the Defendants (as applicable policymakers) were implementing the policies of Defendant GCCISD in accord with the customs and practices of Defendant GCCISD.

### *Futility of Administrative Remedies*

58.     Plaintiff Jane (through the actions of her parents) attempted to pursue various administrative remedies ("Remedies") with regard to the Utter Failures and Lies.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.02

59.     However, not only are such Remedies not required by Title IX or Section 1983, other rulings of the Texas Commissioner of Education have repeatedly found that the Commissioner and the Texas Education Agency have absolutely no jurisdiction, power, rights, or duties to redress complaints and remedies under Title IX or Section 1983.

60.     As a result, any asserted obligations of Plaintiff Jane to pursue such Remedies prior to the institution of this matter are inapplicable and futile.

### Collective Action Allegations

61.     Considering the actions of the Defendants and the referenced ruling of the Texas Commissioner of Education with regard to "school safety" not being a school law of the State of Texas, it is not a surprise that responses to the referenced Facebook post include other complaints similar to Plaintiff Jane's with regard to Defendant GCCISD.

62.     Upon information and belief, there are other students of the Defendants who have suffered, and are still suffering, as a result of similar actions of the Defendants. As such, Plaintiff Jane is representative of the Class of Members.

63.     Pursuit of this lawsuit on behalf of Plaintiff Jane and the Class Members is appropriate under Rule 23(a) of the Federal Rules of Civil Procedure

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                        17

because:

    (1)    the class is so numerous that joinder of all members is impracticable;

    (2)    there are questions of law or fact common to the class;

    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4)    the representative parties will fairly and adequately protect the interests of the class.

64.  Further, pursuit of this matter as a class action for the Class of Members is appropriate under Rule 23(b) of the Federal Rules of Civil Procedure because:

    (1)    prosecuting separate actions by or against individual class members would create a risk of:

        (A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or…

    (2)    the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

    (3)    the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2018.10.02

65.    As a result of Defendants' Utter Failure and Lies directed at Plaintiff Jane, Jane was forced to engage an attorney and pursue this action to redress such wrongs.

66.    All conditions precedent to Plaintiff Jane bringing these claims have been met.

## E.  PLAINTIFF'S CAUSES OF ACTION

67.    Plaintiff Jane incorporates by reference the facts set forth in foregoing ARTICLE D: GENERAL BACKGROUND hereof.

## COUNT ONE: TITLE IX VIOLATIONS

68.    Defendants' Utter Failures and Lies are so severe, pervasive, and objectively offensive that Plaintiff Jane has been deprived access to educational opportunities and benefits provided by Defendant GCCISD in violation of Title IX.

69.    Defendants failed to protect Plaintiff Jane from the Sexual Abuse in violation of Title IX.

70.    Defendants had actual knowledge of the Sexual Assault yet did nothing to provide the needed medical, mental, and emotional assistance that Plaintiff Jane required, such omission being a violation of Title IX.

71.     Defendants had actual knowledge of the Sexual Assault yet failed to provide the needed medical, mental, and emotional assistance that Plaintiff Jane requires, such failure being a violation of Title IX.

72.     Defendants had actual knowledge of the Sexual Assault and the identity of the perpetrator (Student A) but gave the perpetrator (Student A) preferential treatment, in violation of Title IX.

73.     Defendants had actual knowledge of the Sexual Assault and the identity of the Perpetrator (Student A) but made no meaningful effort to protect other students of the School from the Perpetrator (Student A) in violation of Title IX.

74.     Defendants' Utter Failures and Lies committed in Defendants' effort to Cover-Up the Sexual Assault is a violation of Title IX.

75.     Defendants' failure to offer Plaintiff Jane meaningful procedures to address the Utter Failures and Lies is a violation of Title IX.

76.     Defendants engaged in a pattern and practice of behavior designed to discourage and dissuade students who had been sexually harassed or assaulted from seeking prosecution and protection, and, from seeking to have sexual harassment fully investigated, in violation of Title IX.

77.    Defendants' policies and practices constitute disparate treatment of females (including Plaintiff Jane) and has had a disparate impact on female students (including Plaintiff Jane), in violation of Title IX.

78.    Plaintiff Jane has suffered emotional distress and psychological damage, as a result of the violations of Title IX set forth herein committed by Defendants.

79.    Defendants' illegal conduct toward Plaintiff Jane, in violation of Title IX, has caused Plaintiff Jane to suffer a loss of educational opportunities, benefits, prestige, and economic hardship.

80.    Defendants' illegal conduct toward Plaintiff Jane, in violation of Title IX, has caused Plaintiff Jane to suffer mental and emotional distress, entitling her to compensatory damages (actual and consequential) pursuant to Title IX.

## COUNT TWO: SECTION 1983

81.    Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

**PLAINTIFF'S ORIGINAL COMPLAINT**                                              21

82.     Defendants' Utter Failure and Lies were committed under the color of law and resulted in the violation of Plaintiff Janes' rights under the United States Constitution and other federal laws.

83.     Plaintiff Jane has suffered emotional distress and psychological damage, as a result of the Section 1983 violations set forth herein committed by Defendants.

84.     Defendants' illegal conduct toward Plaintiff Jane, in violation of Section 1983, has caused Plaintiff Jane to suffer a loss of educational opportunities, benefits, prestige, and economic hardship.

85.     Defendants' illegal conduct toward Plaintiff Jane, in violation of Section 1983, has caused Plaintiff Jane to suffer mental and emotional distress, entitling her to compensatory damages pursuant to Section 1983.

86.     Plaintiff Jane has been severely damaged (economically, physically, and emotionally) as a direct result of such Section 1983 violations, and Plaintiff Jane hereby asserts a claim for damages (actual and consequential) and other relief as provided for under 42 USC § 1983.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2018.10.02

## COUNT THREE: EXEMPLARY DAMAGES

87.    Defendants' Title IX violations described herein toward Plaintiff Jane were pursued with malice or reckless indifference to Plaintiff Jane's federally protected rights, thereby entitling Jane to punitive damages pursuant to Title IX, for which Plaintiff Jane now seeks in an amount of $ 5,000,000.00

88.    Defendants' Section 1983 violations described herein toward Plaintiff Jane were pursued with malice or reckless indifference to the Plaintiff Jane's federally protected rights, thereby entitling Jane to punitive damages pursuant to Section 1983, for which Plaintiff Jane now seeks in an amount of $ 5,000,000.00

## COUNT FOUR: POST JUDGMENT INTEREST

89.    Plaintiff Jane also requests post judgment interest as may be allowed by applicable law.

## COUNT FIVE: ATTORNEYS' FEES

90.    Plaintiff Jane should be awarded her reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F.   **REQUEST FOR JURY**

91.    Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G .  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JANE GCCISD-LM DOE prays the necessary summons be issued, that the Class of Members be certified by the Court, that upon final trial hereof, that judgment be entered in favor of Plaintiff Jane and other Class Members for the actual, consequential, and exemplary damages set forth herein including post judgment interest; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendants; and that Plaintiff Jane have such further and other relief, general and special, both at law or in equity, to which she may show herself to be justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2018.10.02

Respectfully submitted,

GORMAN LAW FIRM, pllc

By: _____
Terry P Gorman, Esq.
Texas Bar No. 08218200
tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 320-9177
Telecopier: (512) 597-1455
**COUNSEL FOR PLAINTIFF**
**JANE GCCISD-LM DOE**