IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE GCCISD-LM DOE § | | |
| Individually and On Behalf of All § | | |
| Other Similarly Situated Plaintiffs § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Cause No. 4:18-cv-03556 | |
| § | | |
| GOOSE CREEK CONSOLIDATED § | | |
| INDEPENDENT SCHOOL DISTRICT, § | | |
| RANDALL O'BRIEN, ARACELI DE § | | |
| LA CRUZ, MELISSA DUARTE, AND § | | |
| THERESA KEEL § | | |
| *Defendants.* § | | |

**DEFENDANTS GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, RANDAL O'BRIEN, ARACELI DE LA CRUZ, MELISSA DUARTE, AND THERESA KEEL'S BRIEF IN SUPPORT OF THEIR 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

D. CRAIG WOOD
State Bar No. 21888700
Federal ID No. 979301
cwood@wabsa.com
WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
Phone: (210) 979-6633
Fax: (210) 979-7024

MORGAN PAIGE BEAM
State Bar No. 24101447
Federal ID No. 3159785
mbeam@wabsa.com
WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.
10375 Richmond Avenue, Suite 1357
Houston, Texas 77042
Phone: (713) 789-6864
Fax: (713) 574-8801  **ATTORNEYS FOR DEFENDANTS**

# Table of Contents

Table of Contents ............................................................................................................. i

Table of Authorities ....................................................................................................... ii

 I. Statement of the Case ......................................................................................1
 II. Factual Background .........................................................................................2
 III. 12(b)(6) Motion to Dismiss Standard ..............................................................2
 IV. Summary of the Argument ...............................................................................3
 V. Arguments and Authorities ..............................................................................4
  A. Plaintiff has failed to state a claim for violation of Title IX of the Education Amendments Act of 1972 ................................................................................4
   1. Plaintiff cannot recover for "disparate impact" under Title IX. ........................5
   2. Plaintiff has failed to plead sufficient facts and allegations to support her remaining Title IX claims. ..................................................................................5
    a. Plaintiff failed to allege that the underlying conduct was so severe as to deny Jane Doe educational opportunities or benefits. ..........................................6
    b. Plaintiff failed to allege that the District was deliberately indifferent to the alleged student-on-student misconduct. ......................................................8
  B. Plaintiff cannot establish District liability under 42 U.S.C. Section 1983. .............9
   1. Plaintiff has not alleged that a policymaker with final policymaking authority was involved. ......................................................................................................9
   2. Plaintiff has not identified an official policy or custom of the District that was the "moving force" behind the alleged constitutional violation. .....................10
  C. The Individual Defendants are entitled to qualified immunity from Plaintiff's Constitutional Claims ....................................................................................11
   1. Plaintiff has failed to allege any unconstitutional act or omission by Individual Defendants O'Brien, De La Cruz, Duarte, or Keel .........................................13
 VI. Conclusion and Prayer ...................................................................................14
  Certificate of Service .....................................................................................15

# Table of Authorities

**Cases**

*Aleman v. Edcouch Elsa Indep. Sch. Dist.*, 982 F.Supp.2d 729 (S.D. Tex. 2013) ..........................3
*Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001)..........................5
*Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439 (5th Cir. 1999).................................12, 13
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ...............................2, 3
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 929 (2007) ..................3
*Bennett v. City of Grand Prairie, Tex.*, 883 F.2d 400, 408 (5th Cir. 1989).................................12
*Davis as Next Friend of LaShonda v. Monroe Cnty Bd. of Educ.*, 526 U.S. 629 (1999).........4, 6, 8
*Doe ex re. Magee v. Covington Cnty Sch. Dist., ex rel. Keys*, 675 F.3d 849 (5th Cir. 2012)..........9
*Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299 (5th Cir. 1995).................................................10
*Gabrielle M. v. Park Forest-Chicago Heights, IL Sch. Dist. 163*, 315 F.3d 817 (7th Cir. 2003) 6,7
*Gagne v. City of Galveston*, 671 F.Supp. 1130 (S.D. Tex. 1987)..............................................11
*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ...............................12
*Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).....................................12
*Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241 (5th Cir. 1993).......................................................10
*Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994) ....................................................9
*Meadowbriar Home for children, Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996) ...............................11
*Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ........9
*Pearson v. Callahan*, 555 U.S. 229, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)..............................13
*Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658 (Tex. Civ. App.—Eastland 1981, no writ)..................................................................................................................10
*Plotkin v. IP Axess Inc.*, 407 F.3d 690 (5th Cir. 2005) .................................................................3
*Ramie v. City of Hedwig Vill., Tex.*, 765 F.3d 490 (5th Cir. 1985)..............................................11
*Salas v. Carpenter*, 980 F.3d 299 (5th Cir. 1992).....................................................................12
*Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).....................................13
*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)......................................................................12
*Spann v. Rainey*, 987 F.2d 1110 (5th Cir. 1993).......................................................................13
*St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).............................10
*Teague v. Texas City Indep. Sch. Dist.*, 386 F.Supp.3d 893 (S.D. Tex. 2005) ..............................10
*Tipps v. McCraw*, 945 F.Supp.2d 761 (W.D. Tex. 2013)..............................................................3
*Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979)..................5
*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061 (5th Cir. 1994)................................................3
*Watkins v. La Marque Indep. Sch. Dist.*, 308 Fed. Appx. 781 (5th Cir. 2009)..........................6, 7
*Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282 (11th Cir. 2007) .........................5

**Statutes**

20 U.S.C. § 1681(a) ......................................................................................................................4
42 U.S.C. § 1983.................................................................................................5, 9, 10, 11, 12
Tex. Educ. Code § 11.151............................................................................................................10

**Rules**

Fed.R.Civ.P. 8(a)(2)................................................................................................................2, 3
Fed.R.Civ.P. 12(b)(6)..............................................................................................................2, 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE GCCISD-LM DOE | § | |
| Individually and On Behalf of All | § | |
| Other Similarly Situated Plaintiffs | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Cause No. 4:18-cv-03556 |
| | § | |
| GOOSE CREEK CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| RANDALL O'BRIEN, ARACELI DE | § | |
| LA CRUZ, MELISSA DUARTE, AND | § | |
| THERESA KEEL | § | |
|    *Defendants*. | § | |

**DEFENDANTS GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, RANDAL O'BRIEN, ARACELI DE LA CRUZ, MELISSA DUARTE, AND THERESA KEEL'S BRIEF IN SUPPORT OF THEIR 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, Goose Creek Consolidated Independent School District ("District") and Randal O'Brien, Araceli de la Cruz, Melissa Duarte, and Theresa Keel ("Individual Defendants"), and file this their Brief in Support of their 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim Upon Which Relief Can Be Granted and show the Court the following:

**I.**
**STATEMENT OF THE CASE**

1. Plaintiff filed her Original Complaint on October 2, 2018. Dkt. No. 1.

2. In her Original Complaint, Plaintiff brought claims against the District, the Superintendent, and three administrators, alleging that the District violated Title IX and deprived Plaintiff of constitutional rights during its investigation and handling of an alleged sexual assault involving two four year-old students. Dkt. No. 1.

3. Defendants timely filed their Motion to Dismiss for Failure to State a Claim under Title IX and 42 U.S.C. § 1983 and because the Individual Defendants are entitled to qualified immunity in their individual capacities.

## II.
## FACTUAL BACKGROUND[1]

4. Plaintiff Jane Doe attended prekindergarten in the Goose Creek Consolidated Independent School District at the time of the occurrence made basis of this lawsuit. Dkt. No. 1 at ¶ 1. Plaintiff alleges that in 2017, she was subjected to sexual assault by a classmate in her prekindergarten class. Dkt. No. 1 at ¶ 1. Plaintiff alleges that the District's original investigation and response to the underlying occurrence were inadequate and in violation of Title XI and Plaintiff's constitutional rights. Dkt. No. 1 at ¶¶ 2, 37-44.

## III.
## MOTION TO DISMISS STANDARD

5. Dismissal is appropriate under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in concert with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Rule 8(a)(2) does not require detailed factual allegations,

---

[1] The factual allegations set forth herein are taken from Plaintiff's Original Complaint and are asserted solely for the purposes of this Motion to Dismiss. Accordingly, Defendants do not concede or waive their right to contest any of Plaintiff's alleged facts.

but demands more than an unadorned "the-defendant-unlawfully-harmed-me" accusation. *Iqbal*, 556 U.S. at 678. In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide the grounds of entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Indeed, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its 'judicial experience and common sense,' to reasonably infer that the defendant is liable for the misconduct alleged." *Aleman v. Edcouch Elsa Indep. Sch. Dist.*, 982 F.Supp.2d 729, 732 (S.D. Tex. 2013) (citing *Iqbal*, 556 U.S. at 678, *Twombly*, 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Petition has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead 'specific facts, not mere conclusory allegations.'" *Tipps v. McCraw*, 945 F.Supp.2d 761, 765 (W.D. Tex. 2013) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

## IV.
## SUMMARY OF THE ARGUMENT

6. Plaintiff's claims for violation of Title IX should be dismissed in their entirety for failure to state a claim upon which relief can be granted. Plaintiff has failed to demonstrate that: (1) Jane Doe suffered harassment so severe as to deprive her of access to educational opportunities or

3

benefits provided by the District; and (2) the District was deliberately indifferent to a substantial risk of sexual abuse posed to Jane Doe or that the District's response to the alleged abuse was clearly unreasonable in light of known circumstances.

7. Plaintiff's claims for violation of her constitutional rights should be dismissed in their entirety for failure to state a claim upon which relief can be granted. Plaintiff has failed to establish the District's liability under 42 U.S.C. § 1983 because Plaintiff has failed to demonstrate an official policy or custom of the District that was the "moving force" or direct causal link in the alleged constitutional deprivation.

8. Finally, the Individual Defendants are entitled to qualified immunity from Plaintiff's constitutional claims because Plaintiff has failed to meet the heightened pleading requirement to waive the Individual Defendants' qualified immunity in this case.

## V.
## ARGUMENTS AND AUTHORITIES

**A. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS ACT OF 1972.**

9. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Although Title IX allows a private cause of action for sexual harassment, public school districts are not liable for monetary damages unless "they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis as Next Friend of LaShonda v. Monroe Cnty Bd. of Educ.*, 526 U.S. 629, 680 (1999). As discussed *infra*, one of Plaintiff's Title IX claims is not a valid claim, and Plaintiff has failed to

adequately plead the remainder of her Title IX claims. Therefore, all of Plaintiff's Title IX claims should be dismissed. Additionally, as the Court is aware there is no cause of action under Title IX against individual actors. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.,* 477 F.3d 1282, 1300 (11th Cir. 2007) ("Title IX does not allow claims against individual school officials; only funding recipients can be held liable for Title IX violations."); Accordingly, Plaintiff's claims against the Individual Defendants for Title IX violations should be dismissed.

### 1. Plaintiff cannot recover for "disparate impact" under Title IX.

10. Private rights of action to enforce federal law must be expressly created by Congress. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578, 99 S.Ct. 2479, 61 L.Ed. 2d 82 (1979). Title IX does not contain a private cause of action for disparate impact claims. *Alexander v. Sandoval*, 532 U.S. 275, 292, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (refusing to extend the private cause of action created by Title IX's "sister statute," Title VI, for disparate impact claims). Because Congress has not created a private cause of action for such claims, Plaintiff's claim that the District's "policies and practices ... has [sic] had a disparate impact on female students" are not actionable under Title IX. Dkt. 1 ¶ 77. This logic extends to Plaintiff's Title IX count alleging that the District "engaged in a pattern and practice of behavior designed to discourage and dissuade students who had been sexually harassed or assaulted from seeking prosecution and protection...in violation of Title IX." Dkt. 1 ¶ 76.

Because Congress has not created a cause of action for "disparate impact" under Title IX, Plaintiff's claims for a Title IX disparate impact must fail.

### 2. Plaintiff has failed to plead sufficient facts and allegations to support her remaining Title IX claims.

11. In her Original Complaint, Plaintiff asserts violations of Title IX stemming from the District's alleged: (1) failure to protect Plaintiff; (2) failure to provide Plaintiff with allegedly

necessary medical, mental, and emotional assistance; (3) preferential treatment for the perpetrator; (4) failure to protect other students from the perpetrator; (5) "cover[ing]-up" the occurrence; and (6) failing to offer Plaintiff meaningful procedures to address Plaintiff's concerns with the District's response to the occurrence. Dkt. 1 ¶¶ 69-77. Plaintiff alleges that the District's "illegal conduct" has caused Plaintiff to suffer mental and emotional distress and that the District's conduct was "so severe, pervasive, and objectively offensive" as to deprive Plaintiff of educational opportunities and benefits provided by the District. Dkt. 1 ¶¶ 68, 80.

12. As discussed in further detail *infra*, Plaintiff has failed to meet the pleading requirement as to the elements of severity of the underlying conduct resulting in a deprivation of Plaintiff's educational opportunities and deliberate indifference by the District. Accordingly, Plaintiff's Title IX claims must fail.

> **a. Plaintiff failed to allege that the underlying conduct was so severe as to deny Jane Doe educational opportunities or benefits.**

13. The Supreme Court has acknowledged that "[w]hether gender-oriented conduct rises to the level of actionable harassment...depends on a constellation of surrounding circumstances, expectations, and relationships." *Davis*, 526 U.S. at 651. Among those variable circumstances are the ages of the parties involved. *Watkins v. La Marque Indep. Sch. Dist.*, 308 Fed. Appx. 781, 783 (5th Cir. 2009) (quoting *Davis*, 526 U.S. at 651). The Fifth Circuit has advised courts to "take into account the fact 'that children may regularly interact in a manner that would be unacceptable among adults.'" *Id*.

14. In a case involving similar facts as those alleged by Plaintiff in this case, the Seventh Circuit found the underlying student-on-student conduct insufficient to meet the level of severity required to bring a Title IX claim. In *Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, a kindergarten student alleged that a classmate "bother[ed] her" and "did nasty stuff" to her,

6

including fondling her private parts and chest, for several months. *Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 820-21 (7th Cir. 2003). The court stated that because "the children were 'unaware of the seriousness of their actions,'" the kindergartners "were not engaging in knowingly sexual acts, a fact that (at a minimum) detracts from the severity and offensiveness of their actions." *Id.* at 823.

15. In another case with similar factual allegations, the Fifth Circuit held that where a student engaged in "unquestionably inappropriate" conduct, including exposing himself, kissing, lifting the skirt of, and allegedly touching a fellow student, the perpetrator student's conduct was not "'so severe, pervasive, and objectively offensive' to effectively deprive the victim of her access to education." *Watkins*, 308 Fed. Appx. at 784.

16. In the instant case, Plaintiff alleges that Jane Doe was assaulted in the bathroom by her pre-kindergarten classmate. Dkt. No. 1 at ¶ 29. Plaintiff has not provided any specific details about what she considers to be sexual assault, other than the fact that Jane Doe's pants were on incorrectly and her shoes on the wrong feet. Dkt. No. 1 at ¶ 23. Assuming *arguendo* that another student removed Jane Doe's pants and shoes, such conduct, while perhaps inappropriate, does not rise to the level of severity required to establish a valid Title IX claim against the District. Like the students in *Gabrielle M.*, Jane Doe's classmate, a pre-kindergartener, was likely unaware of the seriousness of his alleged actions and therefore could not have knowingly engaged in sexual acts against Jane Doe, which would "detract from the severity and offensiveness" of the alleged conduct. If the alleged conduct, taken into consideration with the students' ages and other surrounding circumstances, was not "so severe, pervasive, and objectively offensive" as to deprive Jane Doe of access to educational opportunities, Plaintiff does not have a valid Title IX claim against the District and all claims brought under Title IX should be dismissed.

17.	Furthermore, beyond the vague allegation that Defendants' alleged misconduct "has caused Plaintiff Jane to suffer a loss of educational opportunities," Plaintiff has not identified how Jane Doe was deprived of her access to educational opportunities. Dkt. No. 1 at ¶¶ 79, 84. In fact, Plaintiff acknowledges that the alleged perpetrator was moved to a different classroom so that Jane Doe no longer shared a class with the accused. Dkt. No. 1 at ¶ 39. Plaintiff has not alleged that Jane Doe has suffered academically or socially as a result of the alleged assault such that she no longer has access to educational opportunities.

18.	Because Plaintiff has failed to allege facts sufficient to satisfy the primary element of severe harassment resulting in a deprivation of educational opportunity, Plaintiff's Title IX claims should be dismissed in their entirety.

### b.	Plaintiff failed to allege that the District was deliberately indifferent to the alleged student-on-student misconduct.

19.	A recipient of federal funds is liable in damages under Title IX "only for its own misconduct." *Davis* 526 U.S. at 640. Considering the "inevitability of student misconduct and the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment," school districts are only liable for monetary damages under Title IX where they are "deliberately indifferent" to acts of student-on-student misconduct. *Id.* at 648, 652-53. A school district is "deliberately indifferent" to an act of student-on-student misconduct when its response to the misconduct is "clearly unreasonable in light of the known circumstances." *Id.* at 648. Using this standard for deliberate indifference, this Court can, on a motion to dismiss, "identify a response as not 'clearly unreasonable' as a matter of law." *Id.* at 649.

20.	Plaintiff is clearly unsatisfied with the District's response to the student-on-student misconduct involving Plaintiff and another four-year-old student; however, Plaintiff has failed to

8

allege how the District's response amounts to deliberate indifference or unreasonableness in light of the known circumstances. To the contrary, Plaintiff acknowledges that the District conducted an investigation into the incident and took appropriate action regarding Plaintiff's teacher and the other student involved. Dkt. 1 ¶ 39. Plaintiff has failed to allege that the District's investigation and corresponding actions were clearly unreasonable in light of the known circumstances. Therefore, Plaintiff has failed to plead an essential element of her Title IX claims. Plaintiff's Title IX claims should be dismissed accordingly.

**B.   PLAINTIFF CANNOT ESTABLISH DISTRICT LIABILITY UNDER 42 U.S.C. SECTION 1983.**

21.   A local governmental entity, such as a school district, can only be held liable under Section 1983 for acts for which it is actually responsible. *See Monell v. Dep't of Soc. Svcs. of N.Y.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish governmental liability under Section 1983, Plaintiff must prove three elements: (1) a policymaker with final policymaking authority; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Doe ex re. Magee v. Covington Cnty Sch. Dist.*, *ex rel. Keys*, 675 F.3d 849, 866 (5th Cir. 2012). The Fifth Circuit "ha[s] stated time and again that '[w]ithout an underlying constitutional violation, an essential element of governmental liability is missing.'" *Id*. at 866-67.

22.   Even assuming a constitutional violation occurred, only for purposes of this Motion to Dismiss, Plaintiff's Section 1983 claims against the District fail because Plaintiff cannot establish that an "official policy or custom" of the District "was a cause in fact of the deprivation of rights inflicted." *Leffall v. Dallas Indep. Sch. Dist.* 28 F.3d 521, 525 (5th Cir. 1994). Accordingly, Plaintiff's Section 1983 claims must fail.

   **1.   Plaintiff has not alleged that a policymaker with final policymaking authority was involved.**

23. Whether a particular official has "final policy-making authority" is a question of state law. *St. Louis v. Praprotnik*, 485 U.S. 112, 128, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). It is well-settled law that, in Texas, only the District's Board of Trustees has final policy-making authority in an independent school district. Tex. Educ. Code § 11.151; *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993). Superintendents of schools, school administrators, principals, teachers, and school staff do not have final policy-making authority in a Texas school district. *See Jett*, 7 F.3d at 1245; *Teague v. Texas City Indep. Sch. Dist.*, 386 F.Supp.2d 893, 896 (S.D. Tex. 2005), *aff'd* 185 Fed. Appx. 355 (5th Cir. 2006); *see also Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 660 (Tex. Civ. App.—Eastland 1981, no writ). Thus, the District may not be held liable for any "policy" developed by any school official other than the Board of Trustees. *Teague*, 386 F.Supp.2d at 896. Plaintiff has not pleaded any specific policies, regulations, or decisions formally adopted by the Board of Trustees which have in any articulable manner abridged Plaintiff's constitutional rights. Dkt. No. 1. Plaintiff alleges no well-pleaded facts as to any actions actually taken by the Board of Trustees. Dkt. No. 1. Accordingly, Plaintiff's Section 1983 claims against the District should be dismissed.

### 2. Plaintiff has not identified an official policy or custom of the District that was the "moving force" behind the alleged constitutional violation.

24. An "official policy or custom" of a school district is: (1) "a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the district, or by an official to whom the district has delegated policy-making authority;" or (2) "a persistent, widespread practice of district officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents district policy." *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995) *cert. denied*, 517 U.S. 1191 (1996). Actual or constructive knowledge of such custom must be

attributable to the governing body of the district or to an official to whom that body had delegated policy-making authority. *Id*.

25. Plaintiff alleges that the Individual Defendants were "implementing the policies of Defendant GCCISD" when they allegedly engaged in misconduct. Dkt. No. 1 at ¶ 56. As discussed *supra*, Plaintiff has failed to specifically identify any policy statement, ordinance, regulation, or decision officially adopted or promulgated by the GCCISD Board of Trustees or its delegate. Therefore, Plaintiff has failed to identify an "official policy or custom" underlying Plaintiff's Section 1983 claims.

26. In the alternative, Plaintiff alleges that the Individual Defendants were acting "in accord with the customs and practices of Defendant GCCISD" when they allegedly engaged in misconduct. Dkt. No. 1 at ¶ 57. Plaintiff cannot establish governmental liability based on a widespread custom or practice; isolated events are not sufficient to establish custom. *Ramie v. City of Hedwig Vill., Tex.*, 765 F.2d 490, 494 (5th Cir. 1985); *Gagne v. City of Galveston*, 671 F.Supp. 1130, 1135 (S.D. Tex. 1987) *aff'd*, 851 F.2d 359 (5th Cir. 1988). Plaintiff provides no well-pleaded factual allegations of prior or subsequent substantially similar incidents occurring at the District to establish the requisite widespread custom or practice necessary to sustain her claims; thus, they should be dismissed, as a matter of law. In order to sustain liability against the District under Section 1983, Plaintiff must point to more than the actions of an employee; they must identify a policymaker with final policymaking authority and a policy that is the "moving force" behind the alleged constitutional violation. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 523-33 (5th Cir. 1996). Plaintiff has failed to do so. Dkt. No. 1. Accordingly, Plaintiff's Section 1983 claims against the District should be dismissed.

**C. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S CONSTITUTIONAL CLAIMS.**

27. To the extent that Plaintiff intend to assert Section 1983 claims for violation of her constitutional rights against the Individual Defendants in their individual capacities, the Individual Defendants assert and maintain that they are entitled to the defense of qualified immunity.

28. Qualified immunity shields a government official from civil liability for damages based on the performance of discretionary functions if the official's acts were objectively reasonable in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The qualified immunity standard gives ample room for mistaken judgments by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). It is well-settled that the qualified immunity doctrine is immunity from suit rather than a mere defense to liability and should be resolved at the earliest possible stage of litigation. *Id*. at 227.

29. In suits brought under federal law, government employees are presumptively entitled to the defense of qualified immunity and, once the defense is asserted, the burden shifts to the plaintiff to show that immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992); *Bennett v. City of Grand Prairie, Tex.*, 883 F.2d 400, 408 (5th Cir. 1989). Accordingly, the Fifth Circuit requires that a plaintiff suing governmental officials in their individual capacities must meet heightened pleading requirements in cases, such as this one, in which an immunity defense can be raised. *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). In order to survive, claims against state actors in their individual capacities "must be pleaded with factual detail and particularity, not mere conclusory allegations." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999).

30. In assessing a claim of qualified immunity, a court engages in a two-step analysis. The Court must decide: (1) whether facts alleged or shown by plaintiff make out a violation of a

constitutional right, and (2) if so, whether that right was clearly established at the time of defendant's alleged misconduct. *Pearson v. Callahan*. 555 U.S. 223, 226, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). Courts may "exercise their sound discretion in deciding which of the two prongs should be addressed first in light of circumstances in the particular case at hand." *Pearson*, 555 U.S. at 226. Even if the Plaintiff has alleged a constitutional violation, qualified immunity may still apply because "[e]ven if the official's conduct violated a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable." *Id*. at 105 (citing *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993)). Applying these principles in the instant case, it is clear that the Individual Defendants are entitled to qualified immunity.

### 1. Plaintiff has failed to allege any unconstitutional act or omission by Individual Defendants O'Brien, De La Cruz, Duarte, or Keel.

31. Plaintiff was required to plead her claims against District officials "with factual detail and particularity, not mere conclusory allegations." *Anderson*, 184 F.3d at 443. Plaintiff's Original Complaint asserts that Jane Doe's equal protection, procedural due process, and substantive due process rights were violated. Dkt. No. 1 at ¶ 2. Plaintiff has wholly failed to identify any particular act or omission by any Individual Defendant which would amount to a deprivation of Jane Doe's constitutional rights.

Because Plaintiff has failed to meet the heightened pleading requirement for a case against individual government officials, Plaintiff's claims against Individual Defendants should be dismissed.

# VI.
# CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully move this Court to grant their 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint in its entirety and grant it any and all relief to which they show themselves justly entitled.

Respectfully Submitted,

By: */s/ D. Craig Wood*
D. Craig Wood
State Bar No. 21888700
Federal ID No. 979301
cwood@wabsa.com
**WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.**
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
Phone: (210) 979-6633
Fax: (210) 979-7024

By: */s/ Morgan Paige Beam*
Morgan Paige Beam
State Bar No. 24101447
Federal ID No. 3159785
mbeam@wabsa.com
**WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.**
10375 Richmond Avenue, Suite 1357
Houston, Texas 77042
Phone: (713) 789-6864
Fax: (713) 574-8801

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 30th day of January, 2019, a true and correct copy of the foregoing Defendants' Brief in Support of their 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim Upon Which Relief Can Be Granted was filed with the Clerk of the Court pursuant to the Court's Local Rule 5.1 regarding Electronic Filing and has been served on all counsel of record pursuant to the Court's Local Rule 5.5 regarding Service of Pleadings and Other Papers and Federal Rule of Civil Procedure 5(b) as follows:

Terry P. Gorman
TERRY P. GORMAN, ESQ.
901 Mopac Expressway South, Suite 300
Austin, Texas 78746

*/s/ D. Craig Wood*
D. Craig Wood