IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANE GCCISD-LM DOE Individually and On Behalf of All Other Similarly Situated Plaintiffs, § § § § Plaintiff, § § v. § § GOOSE CREEK CONSOLIDATED § INDEPENDENT SCHOOL DISTRICT, § RANDALL O'BRIEN, ARACELI DE § LA CRUZ, MELISSA DUARTE, and § THERESA KEEL, § § Defendants. § | CASE NO. 4:18-CV-03556 |

## ORDER

Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint. **(Instrument No. 11)**.

Plaintiff Jane Doe alleges that a classmate sexually assaulted her while she attended prekindergarten in the Goose Creek Consolidated Independent School District (the "District"). (Instrument No. 1 at 7-8). Plaintiff filed suit against the District, the District's Superintendent Randall O'Brien, and District employees Araceli De La Cruz, Melissa Duarte, and Theresa Keel (collectively, "Defendants"), bringing claims under Title IX and 42 U.S.C. § 1983 for loss of educational opportunities and benefits. *Id.* at 3-5, 19-22.

Defendants move to dismiss all claims, arguing that Plaintiff has failed to demonstrate that: (1) she suffered harassment so severe as to deprive her of access to educational opportunities or benefits provided by the District; (2) the District was deliberately indifferent to a substantial risk of sexual abuse or that the District's response was clearly unreasonable; (3) the

District had an official policy or custom that was the moving force behind the alleged constitutional deprivation; and (4) the individual Defendants are not entitled to qualified immunity. (Instrument No. 12 at 6-7). To date, Plaintiff has not filed a Response to Defendants' Motion to Dismiss. In accordance with the Court's local rules, Defendants' Motion is deemed unopposed. S.D. Tex. L.R. 7.4. Out of an abundance of caution, this Court has evaluated Defendants' Motion to Dismiss on the merits.

Plaintiff does not allege that Defendants assaulted her, only that a classmate assaulted her. Title IX allows a plaintiff to bring a private suit for a school district's failure to respond to student-on-student sexual abuse in its schools where the district "acts with deliberate indifference to known acts of harassment in its programs or activities" and such harassment "is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Davis ex rel. La Shonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). That is, a school district's "response to the harassment or lack thereof [must be] clearly unreasonable in light of the known circumstances." *Id.* at 648.

Plaintiff's Original Complaint contends that Defendants' response to the student-on-student misconduct was insufficient, but Plaintiff fails to identify how the response constituted deliberate indifference. A school district has flexibility in how it responds to allegations of sexual abuse. *Davis*, 526 U.S. at 648 ("[A]s we have previously noted, courts should refrain from second-guessing the disciplinary decisions made by school administrators."). Plaintiff acknowledges that the District investigated the incident, notified Plaintiff of its findings about the incident, and moved the alleged perpetrator to a different classroom. (Instrument No. 1 at 11-12). Plaintiff has failed to allege specific reasons why the District's response to her allegations were obviously inadequate or unreasonable, or how such response likely made Plaintiff

2

susceptible to further abuse. Plaintiff has also not alleged that she suffered academically or socially as a result of the alleged assault or that she no longer has access to educational opportunities. Even when viewing her allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff's Title IX claims fail to state a claim upon which relief can be granted.

Defendants have also moved to dismiss Plaintiff's claims under 42 U.S.C. § 1983. (Instrument No. 12 at 12). To establish governmental liability under Section 1983, a plaintiff must demonstrate three elements: (1) a policymaker with policymaking authority; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Only the District's Board of Trustees has final policymaking authority. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) ("Texas law is clear that final policymaking authority in an independent school district, such as DISD, rests with the district's board of trustees."). However, Plaintiff has not identified any policy from the District's Board of Trustees. Plaintiff's Original Complaint also fails to identify how any official policy or custom was the "moving force" behind any violation of her constitutional rights.

Moreover, Plaintiff has failed to identify any particular act or omission by any individual Defendant that would subject them to liability despite their assertion of qualified immunity. Qualified immunity shields a government official from civil liability for damages based on the performance of discretionary functions if the official's acts were objectively reasonable in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To survive dismissal, a plaintiff must plead with factual detail and particularity the specific conduct giving rise to a constitutional violation. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir.

1999); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). Plaintiff's Section 1983 claim lumps all Defendants together and fails to identify any particular act or omission by any individual Defendant which would amount to a deprivation of Plaintiff's constitutional rights.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Original Compliant is **GRANTED. (Instrument No. 11)**. Plaintiff's claims are **DISMISSED without prejudice**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the ___ day of March, 2019, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**